UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

LLOYD and RITA ESCANO,   No. 08-11008

Debtor(s).
_____/

Memorandum on Motion to Dismiss (Totality of Circumstances)
_____

The U.S. Trustee originally moved for dismissal of this Chapter 7 case on grounds of presumptive abuse pursuant to § 707(b)(2) of the Bankruptcy Code and grounds that the totality of the circumstances constitute abuse pursuant to § 707(b)(3). The court has previously ruled that there is no presumption of abuse in this case. The remaining issue is whether the totality of the circumstances constitute abuse.

Where there is no presumption of abuse, the burden is on the moving party to demonstrate that the totality of the circumstances of a debtor's financial situation demonstrate abuse. *In re Ansar*, 383 B.R. 344, 348 (Bkrtcy.D.Minn.2008); *In re Walker*, 381 B.R. 620, 623 (Bkrtcy.M.D. Pa.2008).

The schedules and stipulated facts establish that debtors Lloyd Escano and Rita Deguzman-Escano, who are in their early 40s and have one child, both have stable employment and earn about $147,000.00 per year. They owe approximately $59,000.00 in unsecured debt, on at least a dozen credit cards plus other consumer accounts. Most relevant in this case, about five months before they filed they purchased a pre-owned Mercedes CL 500 for $43,453.00. The payments on the Mercedes are $532.00 per month.

The court has several times given the U.S. Trustee a hard time over arguing that every vehicle not a cheap subcompact is a luxury automobile. In this case, however, the charge is entirely justified. The court is at a loss to understand what debtors who owe so much in unsecured debt were thinking when, just a few

1

months before bankruptcy, they purchased such an expensive automobile. The Escanos have another vehicle, and Lloyd Escano is supplied a vehicle by his employer which can be used for personal purposes. Setting aside the U.S. Trustee's arguments relating to other budget items, if the Escanos got rid of the Mercedes they could pay at least half of their unsecured debt in Chapter 13.

The decision to dismiss a case under § 707(b)(3) can be influenced by numerous factors, both pro and con. For instance, evidence that the debtors have engaged in illegal or abusive conduct might properly influence a court to dismiss a case, and evidence that the debtors have faced particularly difficult circumstances with honesty and a sincere effort to do right by their creditors might properly influence a court to deny a motion to dismiss. In the absence of such influencing factors the debtors' ability to fund a Chapter 13 plan is the primary factor governing dismissal of a Chapter 7 case. *In re Kelly*, 841 F.2d 908, 914 (9th Cir. 1988).

In this case, the debtors have not done right by their creditors. Despite a decent income, the schedules show profligate use of credit cards and significant unsecured debt. The purchase of a luxury vehicle when the Debtors had to have known that they could not afford to pay their debts is not the conduct of an honest but unfortunate debtor, but rather of someone attempting to abuse the system. *In re Cayanan*, 2008 WL 906205 (Bkrtcy.N.D.Cal.,2008).

For the above reasons, the motion of the U.S. Trustee will be granted and this Chapter 7 case will be dismissed unless the debtors elect to convert this case to Chapter 13. If the debtors convert to Chapter 13, they may seek reconversion to Chapter 7 upon a showing of changed circumstances and a good faith attempt to complete a Chapter 13 plan.

Counsel for the U.S. Trustee shall submit an appropriate form of order, which shall be stayed for 10 days after entry.

Dated: October 27, 2008

2

Alan Jaroslovsky
U.S. Bankruptcy Judge